UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIAM EDO THORNTON, JR.**                    **CIVIL ACTION**

**VERSUS**                                        **NO. 10-2964**

**MICHAEL J. ASTRUE, COMMISSIONER**              **SECTION "B" (3)**
**SOCIAL SECURITY ADMINISTRATION**

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA") and supplemental security income benefits ("SSIB") under Title XVI of the SSA.  The matter has been fully briefed on cross-motions for summary judgment and is ripe for review.  For the following reasons, IT IS RECOMMENDED that the plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.      BACKGROUND

Plaintiff filed an application for DIB and SSIB on October 11, 2007, alleging a disability onset date of August 26, 2005.  (Adm. Rec. at 84-92).  Defendant initially denied plaintiff's application.  Plaintiff sought an administrative hearing, which the agency held on April 23, 2009.  (*Id.* at 6-36).  Patricia Knight, a vocational expert, testified at the oral hearing.  (*Id.* at 29-35).

On June 1, 2009, the administrative law judge ("ALJ") issued a partially-favorable decision

to plaintiff. (*Id.* at 44-52). In the decision, the ALJ concluded that plaintiff was not disabled before February 28, 2008 but that he was disabled beginning on that date. (*Id.* at 51). The ALJ further held that on February 28, 2008, plaintiff's age category changed from "an individual closely approaching advanced age" to "an individual of advanced age." (*Id.* at 50).

Under the Medical Vocational-Guidelines, a person of advanced age with plaintiff's residual functional capacity ("RFC"), education and work experience is disabled. 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.02; 20 C.F.R. §§ 404.1563(a), 416.963(a). The ALJ thus ultimately concluded that as of February 28, 2008, plaintiff's age-category change to a person of advanced age with a light RFC, education and work experience rendered plaintiff disabled. (*Id.* at 51).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he was not disabled before February 28, 2008. (*Id.* at 1-5). The Appeals Council denied plaintiff's request. (*Id.* at 1). Plaintiff then timely filed this civil action.

## II.    STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. (1992).  Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.  *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992);  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A).  A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.  42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995).  The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is

4

disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 239 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194 (5th Cir.1999)).  If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination.  *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence."  *Id.*

**IV.   ISSUE ON APPEAL**

There is one issue on appeal:

(1)   Whether the ALJ erred when he failed to consider whether plaintiff could maintain employment despite plaintiff's allegedly frequently-required medical visits, tests and treatments, surgical or otherwise.

**V.   ANALYSIS**

**1.   Whether the ALJ erred when he failed to consider whether plaintiff could maintain employment despite plaintiff's allegedly frequently-required medical visits, tests and treatments, surgical or otherwise.**

5

Plaintiff contends that the ALJ erred when he concluded that before February 28, 2008, plaintiff's frequently-required medical visits, tests and treatment did not preclude plaintiff from "competing in the national and[/]or economy of the State of Louisiana for employment requiring him to work 40 hours a week on a regular and consistent basis . . . ."  (Pl.'s Mem. Supp. Mot. Summ. J. at p. 4).  Plaintiff cites the Court to no evidence in the record to support such an argument.  The only citation by plaintiff is the following:

> The summary of the medical records with references to the medical records of Plaintiff in the administrative record at pages 48 and 49 reveals that the Plaintiff was required to go to the emergency room, and to hospitals for examinations and innumerable medical tests and on the days he was required to go to hospitals, emergency rooms, testing facilities, etc. plaintiff could not possible [sic] have been available to seek sustantial [sic] gainful employment or to compete for jobs in which hypothetically he might have been able to earn [sic] in at least forty hours or [sic] work a week on a consistent basis.

(Pl.'s Statement of Undisputed Facts at p. 2, No. 14).  Pages 48 and 49 – to which plaintiff refers the Court – is the ALJ's outline of hospital and emergency room visits and the results of the numerous tests that the respective healthcare providers conducted on plaintiff.

In *Perez v. Barnhart*, 415 F.3d 457 (5th Cir. 2005), the Fifth Circuit reviewed its case law on maintaining employment in social-security lawsuits.  There, the court stated:

> Finally, Perez argues that under the Fifth Circuit's decision in *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002), the ALJ was required to find not only that the claimant's ailments do not prevent him from obtaining employment, but also that the claimant will be able to maintain employment.  The Commissioner takes the position that Watson's conclusion has been undermined by the more recent Fifth Circuit case of *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003). We agree with the Commissioner.
>     This court made clear in *Frank* that "nothing in *Watson* suggests that the ALJ must make a specific finding regarding the claimant's ability to maintain employment in every case."  *Id.*  Rather, "*Watson* requires a situation in which, by its nature, the

claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms." *Id.* Without such a showing, the claimant's ability to maintain employment is subsumed in the RFC determination. *See id.* Perez has not made the requisite showing.

The *Frank* court gave an example of evidence that might necessitate a separate finding of a claimant's ability to maintain employment: "For example, if Frank had alleged that her degenerative disc disease prevented her from maintaining employment because every number of weeks she lost movement in her legs, this would be relevant to the disability determination." *Id.* The evidence urged upon the court by Perez does not rise to this level of impairment.

First, Perez points to his 1995 testimony that he has "good days and bad days." As the Commissioner correctly points out, Perez's testimony, if credible, "simply do[es] not rise to the level of impairment anticipated by the Court in *Frank*." *Cf. Dix v. Sullivan*, 900 F.2d 135, 136 (8th Cir. 1990) (describing the intermittently recurring symptoms of the claimant who was suffering from Crohn's disease); *Singletary*, 798 F.2d at 821 ("The nature of the mental impairment is such . . . that the claimant is unable to remain employed for any significant period of time.").

*Id.* at 464-65.  The Fifth Circuit thus held that it was appropriate for the ALJ to determine the *Perez* plaintiff's RFC, and there was no need for a separate finding as to the *Perez* plaintiff's ability to maintain employment, *i.e.*, such a determination was subsumed in the ALJ's RFC assessment.

Substantial evidence supports the ALJ's determination that plaintiff retained the capacity to perform light level work activity that requires only occasional stooping, kneeling, crouching, crawling, climbing ramps or stairs, and reaching overhead  (*Id.* at 47).  Plaintiff could never climb ladders, ropes, or scaffolds.  The evidence does not suggest that plaintiff's ability to perform light physical exertion was temporary.  There is no indication that the ALJ used the term RFC in a manner other than as it is defined in the regulations and rulings that indicate that the RFC is an assessment of an individual's ability to do *sustained* work activity on a *regular* and *continuing* basis (*Id.* at 47-50); 20 C.F.R.§§ 404.1545, 416.945; SSR 96-8p.  In other words, the ALJ properly determined that plaintiff could perform light work activity on a sustained, regular and continuing basis.

The ALJ cited rule 202.11 of the Medical-Vocational Guidelines (grids), Table No. 1 of Appendix 2, Subpart P, Regulations No. 4 (Adm. Rec. at 50). The heading of the table that contains this grid rule indicates that it applies to a maximum sustained work capacity limited to light work. *See* 20 C.F.R. pt. 404, subpt. P, app. 2. The ALJ found that prior to February 28, 2008, "there [we]re a significant number of jobs in the regional and national economies that claimant could have performed." (*Id.* at 50). Moreover, the ALJ obtained vocational expert testimony to determine whether there were jobs that an individual with Plaintiff's age, work history, and residual functional capacity could perform. (*Id.* at 30-31). The Court's review of the record reveals that substantial evidence supports the ALJ's conclusion as to plaintiff's RFC.

Here, plaintiff has failed to make the requisite showing under either *Watson*, *Frank* or *Perez* that the ALJ needed to make an independent determination that plaintiff could maintain work and that such a determination was not subsumed in the ALJ's RFC determination. *Perez*, 415 F.3d at 465. Pointing the Court to a list of hospital visits and the results of various medical tests in no way rises to meet the burden of proof that plaintiff need meet under *Watson*, *Frank* and *Perez*. In addition, defendant points the Court to evidence in the record that undermines plaintiff's argument. The evidence in the record reveals that plaintiff was not hospitalized during the relevant time period and that he received much care at the LSU Outpatient Clinic because he was indigent and had no insurance. (Adm. Rec. at 142-99, 224-27, 285-91). In addition, plaintiff testified at the oral hearing that he frequently traveled to visit his girlfriend in Mississippi for weeks at a time. (*Id.* at 14-15). Moreover, this Court's review of the record has revealed no medical report that would preclude or prevent plaintiff from performing the RFC assessed by the ALJ. Plaintiff has simply failed to carry

8

his burden to demonstrate that the evidence in the record supports his argument that the frequency of his hospital visits and the performance of medical tests precluded him from performing the light-work RFC assessed by the ALJ.

## VI.  CONCLUSION

Plaintiff has failed to demonstrate that substantial evidence does not support the ALJ's RFC assessment nor that the ALJ's RFC assessment did not take into consideration that plaintiff could perform light work activity on a sustained, regular and continuing basis before February 28, 2008.. Accordingly,

**IT IS RECOMMENDED** that the plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's complaint be DISMISSED WITH PREJUDICE..

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 9th day of June, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**